UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE NIETO, JR., <br><br> Plaintiff, <br><br> v. <br><br> CALIBER HOME LOANS, INC., *et al.*, <br><br> Defendants. | Case No. 2:20-cv-00422-JAM-JDP (PS) <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE <br><br> ECF Nos. 36, 39 |

The court ordered defendants to show cause why this case should not be dismissed for lack of jurisdiction because there is not complete diversity between the parties. ECF No. 36. Both plaintiff and defendant MTC Financial, Inc. are citizens of California. Defendants argue that MTC is a nominal party and as such should not be considered in evaluating diversity jurisdiction. Plaintiff has not opposed defendants' briefing or MTC's status as a nominal party.

This court's jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332. However, the court "will ignore the citizenship of nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (internal citations and quotation marks omitted).

Here, MTC is a foreclosure trustee. In the state court proceedings that predated the notice of removal to this court, MTC filed a declaration[1] under California Civil Code section 2924*l*, stating that it reasonably believed that it was being sued only as a trustee and not for any acts or omissions alleged in the complaint. Plaintiff did not object to MTC's declaration within 15 days, rendering MTC a nominal party with no liability for damages under state law. Cal. Civ. Code § 2924*l*(d).

"Where no objections have been made, courts have treated the trustee as a nominal party and disregarded its citizenship for diversity purposes on removal." *Singer v. Aurora Loan Servs. LLC*, No. 1:09-cv-01598-LJO-DLB, 2010 U.S. Dist. LEXIS 143564, at *12 (E.D. Cal. Feb. 8, 2010); *see also Hafiz v. Greenpoint Mortg. Funding*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009) (recognizing the nominal party status of a trustee that followed the process under section 2924*l*), *aff'd*, 409 F. App'x 70 (9th Cir. 2010). I conclude that MTC should be considered a nominal party because it followed and completed the process under section 2924*l* before this case was removed to federal court, and plaintiff has not objected in either forum to the status of MTC as a nominal party with no liability for damages under state law.

Accordingly:

1. The court's order to show cause, ECF No. 36, is discharged.
2. Defendants' request for judicial notice, ECF No. 39, is granted.

IT IS SO ORDERED.

Dated:   August 26, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants ask the court to take judicial notice of MTC's declaration that was filed in state superior court. ECF No. 39. As this public record filing is not reasonably subject to dispute, defendants' request is granted, and the court will consider this document for the purposes of evaluating jurisdiction. *See* Fed. R. Evid. 201.

2