1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JESSE NIETO, JR.,                          No.  2:20-cv-00422-JAM-JDP (PS)

12              Plaintiff,                       ORDER VACATING NOVEMBER 4, 2021
                                                 INITIAL SCHEDULING CONFERENCE
13        v.
                                                 FINDINGS AND RECOMMENDATIONS
14   CALIBER HOME LOANS, *et al.*,               THAT THIS CASE BE DISMISSED FOR
                                                 PLAINTIFF'S FAILURES TO PROSECUTE
15              Defendants.                      AND TO COMPLY WITH COURT ORDERS

16                                               OBJECTIONS DUE WITHIN 14 DAYS

17

18        This matter is before the court because of plaintiff's repeated failures to prosecute and

19   comply with court orders.  On July 30, the court issued its first order to show cause against

20   plaintiff for failure to comply with a court order.  ECF No. 24.  The then-assigned magistrate

21   judge recommended dismissal on August 19, 2020.  ECF No. 25.  On September 2, 2020, plaintiff

22   objected to that recommendation, ECF No. 27, and the court gave plaintiff another opportunity to

23   prosecute, ECF No. 29.  On October 15, 2020, the court held an initial scheduling conference and

24   plaintiff failed to appear.  ECF No. 33.

25        On September 1, 2021, the court issued an order resetting the initial scheduling conference

26   for September 30, 2021 and directing the parties to file a joint status report seven days prior.  ECF

27   No. 43.  Defendants timely filed a status report.  ECF No. 44.  Plaintiff, however, failed to

28

                                            1

1    separately file his own status report or join in defendant's filing.  On September 28, 2021, the

2    court moved the initial scheduling conference and ordered plaintiff to show cause why sanctions

3    should not be imposed for his failure to comply with the court's order.  ECF No. 45.  Plaintiff has

4    not responded to the court's order to show cause and the time to do so has passed.

5    To manage its docket effectively, the court imposes deadlines on litigants and requires

6    litigants to meet those deadlines.  The court may dismiss a case for plaintiff's failure to prosecute

7    or failure to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v.*

8    *U.S. Forest Serv*., 403 F.3d 683, 689 (9th Cir. 2005).  Involuntary dismissal is a harsh penalty, but

9    a district court has a duty to administer justice expeditiously and avoid needless burden for the

10   parties.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

11   In considering whether to dismiss the case for failure to prosecute, a court ordinarily

12   considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the

13   court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

14   favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."

15   *Omstead v. Dell, Inc*., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779

16   F.2d 1421, 1423 (9th Cir.1986)).  These heuristic factors merely guide the court's inquiry; they

17   are not conditions precedent for dismissal.  *See In re Phenylpropanolamine (PPA) Products*

18   *Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

19   "The public's interest in expeditious resolution of litigation always favors dismissal."

20   *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California*

21   *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of

22   dismissal.

23   Turning to the risk of prejudice, pendency of a lawsuit, on its own, is not sufficiently

24   prejudicial to warrant dismissal.  *Id.* (citing *Yourish*, 191 F.3d at 991).  However, delay inherently

25   increases the risk that witnesses' memories will fade and evidence will become stale, *id.* at 643,

26   and it is plaintiff's failure to prosecute this case that is causing delay.  Therefore, the third factor

27   weighs in favor of dismissal.

28

2

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources.  Monetary sanctions are of little use, considering plaintiff's repeated violations of court orders, and the preclusion of evidence or witnesses is not available.  While dismissal is a harsh sanction, no lesser sanction is available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  *Id.*

After weighing the factors, including the court's need to manage its docket, the court finds dismissal appropriate.  The court will recommend dismissal without prejudice.

## Order

The initial scheduling conference set for November 4, 2021 is vacated.

## Findings and Recommendations

Accordingly, I recommend that the case be dismissed without prejudice for plaintiff's failures to prosecute and to comply with court orders.

I submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   October 20, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3