UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE NIETO, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., *et al.*,<br><br>Defendants. | Case No. 2:20-cv-00422-TLN-JDP (PS)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION |

    This wrongful foreclosure action was removed to this court from the Superior Court of the State of California for the County of San Joaquin. Defendants' notice of removal states that this court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties' citizenship is diverse and the amount in controversy exceeds $75,000. ECF No. 1 at 2-3. The court previously ordered defendants to show cause why this case should not be remanded for lack of subject matter jurisdiction, noting that both plaintiff and defendant MTC Financial, Inc. ("MTC") appear to be citizens of California. ECF No. 36.

    In response, defendants argued that because MTC filed a declaration of non-monetary status pursuant to California Civil Code § 2924*l*, it is a nominal party and therefore its citizenship should be ignored in assessing whether the parties are diverse. ECF No. 38 at 4-6; *see Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (holding that district courts ignore "the citizenship of nominal or formal parties who have no interest in the

1

action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant"). In light of those representations, the order to show cause was discharged. ECF No. 42.

More recently, defendants U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("LSF9") and Caliber Home Loans, Inc. ("Caliber") filed a motion for judgment on the pleadings, which is currently pending before the court.[1] ECF No. 46. After reviewing that motion and the related pleadings, it appears that—notwithstanding defendants' earlier representations—defendant MTC is not a nominal party.

While MTC did file a declaration of non-momentary status pursuant to California Civil Code § 2924*l*, that "statute does not render a defendant a sham defendant or a purely nominal party." *Taasan v. JPMorgan Chase Bank, N.A.*, No. 2:18-cv-698-WBS-EFB, 2018 WL 4027016, at *3 (E.D. Cal. Aug. 21, 2018) (citing Cal. Civ. Code § 2924*l*(e)); *see also Hershcu v. Wells Fargo Bank, N.A.*, No. 12-cv-96-BEN-BLM, 2012 WL 439698, at *2 (S.D. Cal. Feb. 10, 2012) ("The citizenship of [the defendant] may not be ignored for diversity purposes because it has filed a Declaration of Non-Monetary Status."); *Sublett v. NDEX W., LLC*, No. 11-cv-185-L (WMC), 2011 WL 663745, at *2 (S.D. Cal. Feb. 14, 2011) ("A defendant's declaration of nonmonetary status, which excuses a party from active participation in a case, is not conclusive."). Significantly, the complaint does not reflect that MTC was "merely joined to perform [a] ministerial act" should plaintiff succeeds on his claims. *See Prudential*, 204 F.3d at 873. For example, plaintiff's seventh cause of action, brought only against MTC, alleges that MTC failed to distribute properly the surplus funds from the sale of plaintiff's home. ECF No. 50 at 53-55.

Thus, it appears that plaintiff seeks to hold MTC liable for engaging in wrongful conduct and, consequently, that MTC is not a nominal party. *See Lozano v. Wells Fargo N.A.*, 2:20-cv-04939-RGK-AFM; 2021WL 1214514, *3 (C.D. Cal. Feb. 3, 2021) ("It seems that Plaintiffs could

---

[1] Shortly after LSF9 and Caliber filed their motion, I recommended that this action be dismissed for failure to prosecute and failure to comply with an earlier court order. ECF No. 48. Plaintiff subsequently filed an opposition to the motion for judgment on the pleadings, ECF No. 50, thereby demonstrating his intention to continue prosecuting this action. Accordingly, the October 21, 2022 findings and recommendations, ECF No. 48, will be vacated.

have brought a claim against the trustee, Western Progressive, under California Civil Code § 2924j, seeing as the trustee was responsible for disposing of any surplus funds under that section."). Out of an abundance of caution, I will afford defendants an opportunity to explain why this case should not be remanded sua sponte for lack of subject matter jurisdiction.

Accordingly, it is hereby ORDERED that:

1. By no later than August 19, 2022, defendants shall show cause why this action should not be remanded for lack of subject matter jurisdiction.

2. The findings and recommendations filed October 21, 2022, ECF No. 48, are vacated.

IT IS SO ORDERED.

Dated:   August 10, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3