UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE NIETO, JR., | Case No. 2:20-cv-00422-TLN-JDP (PS) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT THIS MATTER BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| CALIBER HOME LOANS, INC., *et al.*, | |
| Defendants. | |

Plaintiff commenced this action in the Superior Court of the State of California for the County of San Joaquin. ECF No. 1. Defendants Caliber Home Loans, Inc. ("Caliber") and U.S. Bank Trust, N.A. ("U.S. Bank"), the latter in its capacity as trustee for LSF9 Master Participation Trust, removed the case to this court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a). *Id*. at 2-5. The notice of removal states that defendant MTC Financial, Inc. ("MTC") is a nominal party that should not be considered in assessing diversity jurisdiction; the notice states that MTC filed a declaration of non-monetary status under California Civil Code § 2924*l*. *Id*. at 3-4.

On August 10, 2022, I ordered defendants to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction, since both plaintiff and MTC appear to be citizens of California. ECF No. 53. I noted that, notwithstanding the declaration of non-monetary status, MTC appears not to be a nominal party because plaintiff seeks to hold it liable for wrongful conduct. *Id*. at 2-3; *see Taasan v. JPMorgan Chase Bank, N.A.*, No. 2:18-cv-

1

698-WBS-EFB, 2018 WL 4027016, at *3-4 (E.D. Cal. Aug. 21, 2018); *see also Hershcu v. Wells Fargo Bank, N.A.*, No. 12-cv-96-BEN-BLM, 2012 WL 439698, at *2 (S.D. Cal. Feb. 10, 2012) ("The citizenship of [the defendant] may not be ignored for diversity purposes because it has filed a Declaration of Non-Monetary Status."); *Sublett v. NDEX W., LLC*, No. 11-cv-185-L (WMC), 2011 WL 663745, at *2 (S.D. Cal. Feb. 14, 2011) ("A defendant's declaration of nonmonetary status, which excuses a party from active participation in a case, is not conclusive.").

In response to the order to show cause, defendants Caliber and U.S. Bank state that they do not oppose remand. ECF No. 54. Considering that these defendants do not dispute the absence of diversity jurisdiction, they have failed to establish this court's subject matter jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) ("The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The case should therefore be remanded to state court. 28 U.S.C § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, it is hereby RECOMMENDED that:

1. This case be REMANDED sua sponte to the Superior Court of the State of California for the County of San Joaquin.

2. Defendants' motion for judgment on the pleadings, ECF No. 46, be denied as moot.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: __August 23, 2022__          _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE